UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AAREN WILLIAMS STRIPLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-03547 (UNA) |
| v. ) | |
| ) | |
| TASHA BRYANT, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

Indeed, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, who holds himself out as a "High Priest" and "Lord Deity," sues the President, several Congressmen, and other federal and state officials for damages arising from violations of his civil rights. *See* Compl. at 1–4. Most of the complaint consists of sentence fragments and non-sequiturs, and the allegations are borne from incomprehensible conspiracy theories. *See id.* at 4. The remainder of the complaint is comprised of unexplained numbered lists

of myriad potential additional defendants—including countless public figures and celebrities, links to YouTube, fax numbers, and yet more unfinished and rambling ruminations. *See* Compl. Memorandum, ECF No. 1-2, at 1–28.

Simply put, as here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction or entitlement to relief, the complaint is frivolous on its face.

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: February 14, 2025

                                                       /s/
                                        RUDOLPH CONTRERAS
                                        United States District Judge